

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bart Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:

Opinion No. 0-2618
Re: Scope of privileges of an
agent holding agent's per-
mit under Texas Liquor Con-
trol Act.

You propound for an opinion from this department the following questions:

"1. Is the holder of an agent's permit representating an out of state distiller prohibited by law from soliciting orders for liquor from retail dealers, such orders to be subsequently placed with the representative jobbers of the distiller?

"2. If your answer to Question 1 is in the affirmative, may such agents be prosecuted for selling and taking orders for liquor without first having procured a permit under Section 4 (a), Article I, of the Texas Liquor Control Act, under the allegation that the permit held by such individual is not such permit as privileges the taking of orders from retailers?

"3. If existing law does not operate to confine distillers' agents solely to soliciting orders for and making sales of liquor to the holders of wholesale permits, is it within the authority of the Texas Liquor Control Board to apply such restrictions by the adoption of a regulation to that effect?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In the course of your letter of request you say:

"Experience has shown that the activities of these so-called missionary men (agents) are often unethical to the extreme and the records of the Board reflect that they are frequently complained of as violating the law by giving prizes, bonuses and by other methods of high pressure inducement to retail dealers. There is evidence that these men exert a considerable influence over wholesale jobbers, and they even go so far as to promote the sale of their products through illegal methods in dry areas of the State. It is desired that these agents be brought under the strictest limitations of law in respect to the scope of their activities."

Article 666-15, Vernon's Codification of the Penal Code, with respect to permits, declares:

"Permits shall be of the following classes: * * * (9) Agent's Permit. An agent's permit shall authorize the holder thereof to:

"(a). Represent any person who is authorized to sell liquor other than a retailer;

"(b). Solicit and take orders for the sale of liquor from any authorized permit holder;

"(c). Carry samples of liquor in containers not less than one-half (1/2) pints.

"Any person acting as agent or salesman for the sale of or for taking or soliciting orders for the sale of any liquor irrespective of whether such sale is to be made within or without the State is required to procure an agent's permit. It is not intend-

ed that this shall apply to the employee
of a permit holder who sells liquor and
who remains on the licensed premises in
making such sale."

Your letter further discloses that there are
no distilleries in this State, and foreign distillers
making sales do so through agents or representatives
holding a permit, soliciting business in this State.

Such distillers are not required to have a
permit, since they are not making the sales or doing
business in this State, the business being inter-
state business. Mendlovitz vs. Samuels Shoe Co., 5
S. W. (2) 559; John A. Dickson Pub. Co. vs. Bryan, 5
S. W. (2) 980; Roberts vs. J. P. Colt Co., 31 S. W.
(2) 196; Aeronautical Corporation of America vs. Gos-
sett, 117 S. W. (2) 893.

Subdivision (9) of the above-quoted Article
of classification expressly clothes the agent holding
a permit to "solicit and take orders for the sale of
liquor from any authorized permit holder." This lan-
guage is clear and unambiguous. It includes, brewers
(1), wineries (3) and (4), wholesalers (6), class B
wholesalers (7), package stores (8) and those coming
within the term "industrial permits" (10).

Thus, the holder of an agent's permit may
solicit and take orders for the sale of liquor from any
of these named permit holders. The law is so written,
and we have no authority to construe it differently,
even to avoid the evils pointed out by you in its ob-
servance and application. The remedy, if one is need-
ed, is with the Legislature, and not with this depart-
ment, nor with your department. Your Board, of course,
cannot adopt a regulation, however desirable, that
would be in violation of the statutes, but within the
statutes the Board's powers are broad.

Trusting that the above will have satisfactorily answered your questions, we are

Very truly yours

APPROVED AUG 19, 1940

ATTORNEY GENERAL OF TEXAS

(Sgd) Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By

(Sgd)
Ocie Speer
Assistant

OS-MR

APPROVED
OPINION
COMMITTEE
BY   BWB
CHAIRMAN